{¶ 44} I respectfully dissent from the majority and would affirm the trial court's decision granting summary judgment to Swagelok because Jones, by failing to show that he was qualified for the position and that his white co-workers were treated more favorably, cannot establish a prima facie case of racial discrimination.
 {¶ 45} First, to be "qualified for the position," Jones must demonstrate not only that he is capable of performing the work, but that he is meeting the employer's legitimate expectations. Here, Jones' documented job performance left much to be desired of him as a qualified employee. Since October 2001, Jones was in "coaching" — a process to address his performance issues — and he exhibited unsatisfactory behavior. After documenting eight occurrences of Jones' failure to correct his problems on manufacturing orders and purchase orders, Waltermire and Jones met in the end of January 2002 to discuss his final rating for 2001. Although Waltermire had asked Jones (as well as all associates) for comments and accomplishments to include in their year-end review, Jones did not provide any. Jones did however give himself the lowest rating — "Below Expectations" — and wrote under the comment section that he "Will Try Harder."
 {¶ 46} The coaching process continued after the 2001 year-end review. Even after Waltermire offered assistance to Jones and informed him that his job depended on his immediate improvement, Waltermire met with Jones on at least 10 subsequent occasions to discuss his performance issues. Because Jones did not improve, he was terminated.
 {¶ 47} In an analogous case, this court held that appellant failed to show that she was qualified for the position because of appellant's "abysmally poor performance reviews given during her probationary period." Nelson v. Marymount Hosp. (Aug. 17, 2000), Cuyahoga App. No. 76369 (Blackmon, J., concurring). Coupled with Jones' poor performance and failure to improve is his admitted self-evaluation that he was performing below expectations. If Jones did not find himself performing as expected, it is inconceivable to think that his employer, Swagelok, found him to meet its expectations. As a result, Jones did not establish that he was qualified for the position.
 {¶ 48} Second, Jones has failed to show that his white co-workers were treated more favorably. Though Jones alleged that, unlike his white co-workers, he was bombarded with a large workload and never offered any assistance to complete his work or lessen his burden, Waltermire testified (and her coaching notes corroborate) that she offered Jones her assistance and that of a senior buyer. Jones, however, did not take advantage of that assistance, nor is there any documentation that Jones complained to Waltermire about his workload. When asked at deposition if he could identify any white co-workers who were subject to different performance or disciplinary standards, Jones could not think of any examples. Although Jones claimed that Swagelok did not terminate a white co-worker whom he "personally observed" as often tardy, Jones testified at his deposition that he recalled a white female co-worker who was terminated because she could not perform her job. Swagelok's termination of a white employee's failure to perform her job cannot be considered to be more favorable treatment than Swagelok gave Jones when it terminated him for the same reason.
 {¶ 49} Finally, any reliance on Jones' affidavits is misplaced, as Jones' first affidavit contradicted his deposition testimony and his second affidavit attempted to explain why he was apparently "mistaken" during his deposition. Most of the substance of Jones' affidavits pertain to an alleged racial remark that Jones could not identify and was allegedly made by Waltermire when she was a co-worker or — depending on whether to believe his deposition testimony or his subsequent affidavits — his supervisor. However, as Judge Blackmon stated in Brewer v.Cleveland City Schools (1997), 122 Ohio App.3d 378, 384,701 N.E.2d 1023, stray, isolated racial remarks are not actionable even if made by a decision-maker if the remarks are not related to an employment decision. Jones has failed to show any nexus between the unidentified alleged racial remark and his termination, which decision was made by human resources department manager, Rudary, and not made by Waltermire. Jones also failed to allege that Rudary terminated him because of his race; instead, Jones' complaint alleges that Waltermire, who did not make the decision to terminate Jones, was guilty of racism. Because Jones has failed to establish a prima facie case of racial discrimination, I would affirm the trial court's decision granting summary judgment to Swagelok.